IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD CHARLES WILSON,

                                                            ORDER

          Plaintiff,

                                              11-cv-725-bbc

    v.

DR. ASHLEY THOMPSON, DR. THOMAS J. MICHLOWSKI,
DR. LORI ADAMS, DR. JASON KOCINA,
DR. ALEXANDER STOLARSKI, DR. KEVIN MCSORLEY
and DR. CARLO GAANAN,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this proposed civil action under 42 U.S.C. § 1983, plaintiff Donald Wilson, an inmate at the Oshkosh Correctional Institution, contends that several doctors employed by the Wisconsin Department of Corrections have failed to provide him adequate treatment for his serious medical needs.  In an order dated December 2, 2011, I told plaintiff that his complaint violated Fed. R. Civ. P. 20 because he had asserted multiple claims that could not be joined in one lawsuit.  I told plaintiff to identify which lawsuit he wished to pursue under this case number and decide whether he wished to dismiss the other lawsuits.  Plaintiff responded, stating that he wanted to pursue the following two lawsuits under this case number:

1

> Lawsuit #1: Since 2009 when plaintiff was taken into custody by the Wisconsin Department of Corrections, defendants Lori Adams, Ashley Thompson, Jason Kocina, Alexander Stolarski, Kevin McSorley and Thomas Michlowski, who are doctors employed by the Department, have failed to provide plaintiff adequate medical care for his Alzheimer's disease.
>
> Lawsuit #2: In August 2011, defendant Dr. Carlon Gaanan failed to provide plaintiff treatment for dizziness, shortness of breath and other symptoms related to a thyroid problem.

In an order dated January 9, 2012, I told plaintiff that he could not pursue both lawsuits under this case number because the claims in these two lawsuits do not arise out of the same series of transactions or occurrences and do not present questions of law or fact common to all defendants. I gave plaintiff a final opportunity to notify the court which lawsuit he wished to pursue under this case number and whether he wished to dismiss the other lawsuit.

Plaintiff has filed a response, dkt. #11, stating that he wishes to proceed under this case number with the claims in related to treatment of his Alzheimer's disease, and that he would like to proceed with the claims related to treatment of his thyroid condition in a separate lawsuit. Thus, the claims of Lawsuit #2 will be treated as a separate action and assigned case number 12-cv-114-bbc. Additionally, the supplemental facts and motion for a preliminary injunction that were filed relating to treatment of plaintiff's thyroid condition (dkt. #12 and #13 in 11-cv-725-bbc) will be docketed under the new case number, 12-cv-114-bbc. Before I can screen Lawsuit #2 pursuant to 28 U.S.C. § 1915 and consider plaintiff's motion for a preliminary injunction, plaintiff must submit an initial partial

2

payment of $11.55.

After reviewing plaintiff's allegations regarding treatment of his Alzheimer's disease, I conclude that plaintiff may proceed with his claims that defendants Jason Kocina, Ashley Thompson, Kevin McSorely, Alexander Stolarski and Thomas Michlowski violated plaintiff's rights under the Eighth Amendment by failing to provide him any treatment or medication for his Alzheimer's disease.  However, plaintiff may not proceed on his claim that defendant Lori Adams failed to provide him adequate care.  Additionally, plaintiff may not proceed with his claims under the Americans with Disabilities Act.  Finally, I will deny plaintiff's motion for appointment of counsel to represent him in this case.  Plaintiff has not shown that he made reasonable efforts to retain counsel on his own.

In his complaint, plaintiff alleges the following facts related to treatment of his Alzheimer's disease.

ALLEGATIONS OF FACT

Plaintiff Donald Charles Wilson is an inmate at the Oshkosh Correctional Institution, located in Oshkosh, Wisconsin.  He has Alzheimer's disease.  In October 2009, while he was incarcerated at the Dodge Correctional Institution, he was seen by defendant Jason Kocina, a licensed psychologist from the psychological services unit at the institution.  Kocina told plaintiff that he was fabricating his Alzheimer's diagnosis.  Kocina refused to provide plaintiff any treatment or medication for his illness.

3

In December 2009, plaintiff was transferred to the Oshkosh Correctional Institution. On March 17, 2010, plaintiff filed a health services request to defendant Lori Adams in the psychological services unit at Oshkosh, requesting treatment for his mental health problems. Adams saw him on March 17 and noted that plaintiff had a diagnosis of dementia related to Alzheimer's disease. She referred him to the psychiatric services unit. She saw him for follow-up visits on March 23 and April 21, 2010.

On March 22, defendant Ashley Thompson, a psychiatrist, saw plaintiff and noted that he appeared to have dementia. Thompson saw plaintiff for several additional follow-up visits but denied his request for medication or treatment for his Alzheimer's disease.

On March 2, 2011, plaintiff requested treatment for his Alzheimer's disease from defendants Kevin McSorely and Alexander Stolarski, psychologists in the psychological services unit. McSorely and Stolarski saw plaintiff but did not prescribe him any medication or provide him any treatment.

On April 14, 2011, plaintiff was transferred to the Wisconsin Resource Center. Plaintiff was seen by defendant Dr. Thomas Michlowski, who ordered x-rays of plaintiff. Michlowski told plaintiff that he did not have Alzheimer's disease and that even if he did, the state would not pay for plaintiff to receive medication or treatment.

4

OPINION

A. Eighth Amendment

Plaintiff contends that defendants Jason Kocina, Lori Adams, Ashley Thompson, Alexander Stolarski, Kevin McSorley and Thomas Michlowski failed to provide him adequate medical care for his Alzheimer's disease. Under the Eighth Amendment, prison officials have a duty to provide medical care to those being punished by incarceration. Snipes v. DeTella, 95 F.3d 586, 590 (7th Cir. 1996) (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)). To state an Eighth Amendment medical care claim, a prisoner must allege facts from which it can be inferred that he had a "serious medical need" and that prison officials were "deliberately indifferent" to it. Estelle, 429 U.S. at 104; Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997).

A medical need may be serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering when treatment is withheld, Gutierrez, 111 F.3d at 1371-73, "significantly affects an individual's daily activities," Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998), causes pain, Cooper v. Casey, 97 F.3d 914, 916-17 (7th Cir. 1996) or otherwise subjects the prisoner to a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994).

"Deliberate indifference" means that the officials were aware that the prisoner needed medical treatment, but disregarded the risk by failing to take reasonable measures. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997).

5

Thus, under this standard, plaintiff's claim has three elements:

(1) Did plaintiff need medical treatment?

(2) Did defendants know that plaintiff needed treatment?

(3) Despite defendants' awareness of the need, did defendants fail to take reasonable measures to provide the necessary treatment?

Plaintiff alleges that he has Alzheimer's disease and that defendants knew about his Alzheimer's diagnosis. I can infer that his disease is a serious medical need that requires treatment. Liberally construing plaintiff's complaint, I conclude that he states a claim under the Eighth Amendment with respect to the following claims related to treatment for his Alzheimer's disease:

- In October 2009, defendant Jason Kocina refused to provide plaintiff any treatment or medication for his Alzheimer's disease;

- In 2010, defendant Ashley Thompson refused to provide plaintiff any treatment or medication for his Alzheimer's disease;

- In March 2011, defendants Kevin McSorely and Alexander Stolarski refused to provide plaintiff any treatment or medication for his Alzheimer's disease; and

- In April 2011, defendant Thomas Michlowski refused to provide plaintiff any treatment or medication for his Alzheimer's disease.

Plaintiff may not proceed on his claim against defendant Lori Adams. Plaintiff's only allegations regarding Adams are that she met with him several times and referred him to the psychiatric services unit for treatment. These allegations do not suggest that Adams was

6

deliberately indifferent to plaintiff's medical needs.

Plaintiff should be aware that in order to prevail on his Eighth Amendment claims at summary judgment or trial, it will not be enough for him to show that he disagrees with defendants' conclusions about the appropriate treatment for his Alzheimer's disease, Norfleet v. Webster, 439 F.3d 392, 396 (7th Cir. 2006), or even that defendants could have provided better treatment. Lee v. Young, 533 F.3d 505, 511-12 (7th Cir. 2008). Rather, plaintiff will have to show that any medical judgment by defendants was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" his condition. Snipes, 95 F.3d at 592 (internal quotations omitted). Thus, for those defendants who refused to prescribe medication or particular treatment for his dementia, plaintiff will need to prove that medication or a particular form of treatment were the only appropriate responses to treat his condition and that those defendants were aware of this. The law is clear that "[m]ere differences of opinion among medical personnel regarding a patient's appropriate treatment do not give rise to deliberate indifference." Estate of Cole by Pardue v. Fromm, 94 F.3d 254, 261 (7th Cir. 1996); Snipes, 95 F.3d at 591 (decision "whether one course of treatment is preferable to another" is "beyond the [Eighth] Amendment's purview").

### B. Americans with Disabilities Act

In addition to his Eighth Amendment claims, plaintiff is asserting claims under the

7

Americans with Disabilities Act. Title II of the ADA states that "no qualified individual with a disability shall, by reasons of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. "Public entity" includes any department, agency or instrumentality of a state or local government. 42 U.S.C. § 12131(1)(B). Thus, to state a claim under the ADA, plaintiff must identify (1) a "physical or mental impairment that substantially limits one or more major life activities," 42 U.S.C. § 12102(2)(A); (2) "the services, programs, or activities" of the prison that are being denied him because of his disability, 42 U.S.C. § 12132; and (3) the "reasonable accommodation" he is seeking that a particular defendant has refused to provide. 42 U.S.C. § 12131(2).

Plaintiff has not stated a claim under the ADA. Although I can infer that plaintiff's Alzheimer's disease is a mental impairment, plaintiff has not alleged that his disease substantially limits one or more of his major life activities. Additionally, plaintiff has not alleged that he is being denied any services, programs or activities at the prison because of his Alzheimer's disease or that he is seeking a particular "reasonable accommodation" from a particular defendant in order to participate in a prison program or activity. Therefore, I will dismiss his ADA claims.

### C. Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel, dkt. #8, stating that he

suffers from Alzheimer's disease, has limited legal knowledge and has limited access to a law library. Before a district court can consider such motions, it must first find that the plaintiff made reasonable efforts to find a lawyer on his own and was unsuccessful or was prevented from making such efforts. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made reasonable efforts to find a lawyer, plaintiff must give the court the names and addresses of at least three lawyers who he asked to represent him in this case and who turned him down. Because plaintiff has not complied with that requirement, his motion will be denied.

ORDER

IT IS ORDERED that

1. Plaintiff Donald Charles Wilson's motion for appointment of counsel, dkt. #8, is denied without prejudice.

2. This case is SEVERED in accordance with Fed. R. Civ. P. 20:

a. In case number 11-cv-725-bbc, I will consider plaintiff's claims that defendants Lori Adams, Ashley Thompson, Jason Kocina, Alexander Stolarski, Kevin McSorley and Thomas Michlowski failed to provide plaintiff adequate medical care for his Alzheimer's disease.

b. In case number 12-cv-114–bbc I will consider plaintiff's claims that defendant Dr. Carlon Gaanan failed to provide plaintiff treatment for his thyroid condition. Plaintiff may

9

have until March 12, 2012 to submit an initial partial payment of $11.55. After plaintiff makes the partial payment, his complaint will be screened pursuant to 28 U.S.C. § 1915. If plaintiff does not submit the filing fee by March 12, case no. 12-cv-114-bbc will be dismissed without prejudice.

3. In case number 11-cv-725-bbc, plaintiff is GRANTED leave to proceed on his claims that defendants Jason Kocina, Ashley Thompson, Kevin McSorely, Alexander Stolarski and Thomas Michlowski refused to provide plaintiff any treatment or medication for his Alzheimer's disease in violation of the Eighth Amendment.

4. Plaintiff is DENIED leave to proceed on the following claims:

a. Defendant Lori Adams violated plaintiff's Eighth Amendment claims by failing to provide him adequate treatment for his Alzheimer's disease; and

b. Defendants Adams, Kocina, Thompson, McSorely, Stolarski and Michlowski violated plaintiff's rights under the Americans with Disabilities Act.

5. Defendant Lori Adams is DISMISSED from the case.

6. Under an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being sent today to the Attorney General for service on the state defendants. Under the agreement, the Department of Justice will have 40 days from the date of the Notice of Electronic Filing of this order to answer or otherwise plead to plaintiff's complaint if it accepts service on behalf

of the state defendants.

7.  For the time being, plaintiff must send defendants a copy of every paper or document that he files with the court.  Once plaintiff has learned what lawyer will be representing defendants, he should serve the lawyer directly rather than defendants.  The court will disregard any documents submitted by plaintiff unless plaintiff shows on the court's copy that he has sent a copy to defendants or to defendants' attorney.

8.  Plaintiff should keep a copy of all documents for his own files.  If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents.

Entered this 23d day of February, 2012.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge